IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RENE MEDINA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-614-T |
| | ) | [WO] |
| | ) | |
| SCOTT A. MIDDLEBROOKS, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Rene Medina ["Medina"], an inmate confined at the Maxwell Federal Prison Camp, initiated this case as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In this petition, Medina challenges the 292-month sentence imposed upon him by the United States District Court for the Southern District of Florida on convictions for conspiracy to import cocaine, importation of cocaine, and conspiracy to possess with intent to distribute cocaine. Medina seeks immediate release from imprisonment.

**I.    FACTS**[1]

On 8 October 1992, Medina and five co-defendants were indicted on charges of conspiracy to import cocaine in violation of 21 U.S.C. § 963 (Count I), importation of cocaine in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2 (Count II), and conspiracy to

---

[1] The facts are gleaned from the petition for habeas corpus relief, the brief filed by Medina on direct appeal, and the docket sheet maintained in *United States v. Medina*, 92-CR-618-ALL (S.D. Fla.).

possess with intent to distribute cocaine in violation of 18 U.S.C. § 846 (Count III). Medina proceeded to trial but, after jury selection and opening statements, chose to plead guilty to all three counts of the indictment on 22 March 1993.

On 11 February 1994, the court sentenced Medina to 360 months' imprisonment. Medina filed a direct appeal of his conviction in which he challenged the constitutionality of his plea and the validity of the sentence imposed. The Eleventh Circuit Court of Appeals affirmed Medina's conviction and sentence on 24 July 1996. *United States v. Medina*, 95 F.3d 57 (1996) (Table). Medina did not petition the United States Supreme Court for certiorari and his conviction therefore became final on 22 October 1996.[2]

On 24 April 1997, Medina filed a motion to vacate pursuant to 28 U.S.C. § 2255. However, he withdrew this motion on 7 April 1998. On 11 February 1998, Medina filed a motion to reduce sentence.[3] The petitioner asserts, and the docket in his criminal case

---

[2] "When a prisoner does not file a petition for certiorari, 'within the meaning of § 2255 ... the judgment becomes final on the date on which the defendant's time for filing such a petition expires.' *Kaufmann v. United States,* 282 F.3d 1336, 1339 (11th Cir.) (internal quotation marks omitted), *cert. denied,* 537 U.S. 875, 123 S.Ct. 287, 154 L.Ed.2d 127 (2002). Similarly, the Supreme Court has indicated that convictions become final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. *Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 712 n. 6, 93 L.Ed.2d 649 (1987). The period in which a petition for certiorari must be filed ordinarily ends ninety (90) days after the entry of judgment. Sup.Ct. R. 13." *Dodd v. United States*, 365 F.3d 1273, 1275 n.1 (11th Cir. 2004).

[3] Medina indicates that he filed this motion pursuant to the provisions of 18 U.S.C. § 3582. The filing of the motion does not affect the date of finality of judgment. The plain text of 18 U.S.C. § 3582(b) clearly states that modification of a sentence does not affect the date on which a defendant's judgment of conviction becomes final. This statute provides that: "Effect of Finality of Judgment -- Notwithstanding the fact that a sentence to imprisonment can subsequently be -- (1) modified pursuant to the provisions of subsection (c); (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742; a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."

demonstrates, that Medina sought relief from his sentence under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[4]

On 21 February 2002, the United States District Court for the Southern District of Florida conducted a hearing on all pending motions regarding sentencing, including claims raised under *Apprend,* and denied Medina relief from his sentence on 7 November 2003. However, on 22 December 2003, the parties filed a joint stipulation seeking reduction of Medina's sentence. The district court granted this request on 7 January 2004 and sentenced Medina to 292 months imprisonment.

## II. DISCUSSION

In the instant petition, Medina argues that his "present imprisonment is unconstitutional because, he is now serving a sentence which was imposed in violation of [his] Indictment Clause, Right to jury trial, and proof of guilt beyond a reasonable doubt. . . . In the case at bar Medina's indictment charges a 'detectable' amount of cocaine and Medina only pled guilty to the language of the indictment thus, did not admit to any additional amount of cocaine. Consequently, any additional cocaine beyond . . . a detectable amount was the result of impermissible judge made findings which superseded the scope of the indictment and the admissions by the defendant [sic]." *28 U.S.C. § 2241 Petition for Habeas Corpus Relief* at 3-4.

---

[4] In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-2363.

In support of this argument, Medina asserts that the holdings issued by the Supreme Court in *Booker*,[5] and *Blakely*[6] are retroactively applicable to his case in accordance with *Apprendi* and *In re Winship*.[7] He further maintains that any prior interpretation of these cases by the Eleventh Circuit Court of Appeals as being non-retroactive is "wrongful." *28 U.S.C. § 2241 Petition for Habeas Corpus Relief* at 4.

The claims presented by the petitioner go to the fundamental legality of his incarceration. The law is well settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and/or sentence, unless "the remedy by [such] motion is inadequate or ineffective to test the legality of [the inmate's] detention." *28 U.S.C. § 2255*. It appears from a review of the petition that Medina filed this action pursuant to § 2241 in an attempt to circumvent the one-year period of limitation applicable to § 2255 motions.[8] However, under no circumstances can this court countenance the petitioner's circumvention of the procedural gatekeeping provisions included in the AEDPA.

Consequently, since the instant petition is filed under the erroneous premise that

---

[5]*United States v. Booker,* ___ U.S. ___, ___,125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) (The mandatory nature of the Federal Sentencing Guidelines renders the guidelines incompatible with the Sixth Amendment's guarantee to the right to a jury trial where "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [was not] admitted by the defendant or proved to a jury beyond a reasonable doubt.").

[6]*Blakely v. Washington,* ___ U.S. ___, ___, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004) (emphasis in original) ("[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*.").

[7]397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

[8]"A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6.

relief under § 2241 is appropriate because the applicable limitation period has rendered § 2255 inadequate or ineffective to challenge the legality of the petitioner's detention, the court concludes that Medina is entitled to no relief on those claims challenging the constitutionality of his sentence.

The petition and supporting argument demonstrate that Medina's claims are barred from review in a § 2255 motion before the United States District Court for the Southern District of Florida by the AEDPA's gatekeeping provision on untimely motions. The inadequate and ineffective "savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes that the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or . . . § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Id*. at 1245.

Medina does not meet each of the prerequisites necessary to invoke application of the savings clause of § 2255, thereby opening the portal for a § 2241 proceeding. The holdings of *Apprendi*, *Booker* and *Blakely* are not retroactively applicable to cases on collateral review. *McCoy v. United States,* 266 F.3d 1245, 1256-1258 (11th Cir.2001) (*Apprendi* not retroactive to cases on collateral review); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) ("*Booker*'s [and *Blakely*'s] constitutional rule falls squarely under

the category of new rules of criminal procedure that do not apply retroactively to . . . cases on collateral review.").[9] Thus, Medina's claims are not premised upon any Supreme Court decision issued after his convictions which was made retroactively applicable.

Moreover, Medina has not been "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245. It is clear that Medina's challenges to his sentence are not based upon retroactively applicable Supreme Court decisions. These challenges therefore fail to implicate relief under the savings clause of § 2255.

A federal prisoner cannot use § 2241 simply to escape the procedural restrictions placed on § 2255 motions by the AEDPA. *Wofford*, 177 F.3d at 1245. "[T]he savings clause . . . does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*. "If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts --through statutes like the AEDPA-- to place limits on federal collateral review." *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997)

---

[9]In addressing whether *Blakely* and *Booker* should apply retroactively on collateral review, the Eleventh Circuit noted that while neither it nor the Supreme Court had addressed this issue, "the Supreme Court's recent decision in *Schriro v. Summerlin*, 542 U.S. ___, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), is essentially dispositive. In *Schriro*, the Supreme Court concluded that the new requirement in *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which, like *Blakely* and *Booker*, is an application of *Apprendi*'s principles, does not apply retroactively to cases on collateral review. *Schriro*, 124 S.Ct. at 2526-27." *Varela*, 400 F.3d at 867.

(a federal petitioner may not proceed under "§ 2241 merely because [he] is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress' intent in amending § 2255."); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (internal citations omitted) ("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ").

In light of the foregoing, the court concludes that Medina's challenges to the constitutionality of his sentence are not cognizable before this court in a 28 U.S.C. § 2241 petition.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Rene Medina be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before 4 August 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of July, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE