IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

RENE MEDINA,                          :

     Petitioner,                     :

v.                                    :    CASE NO. 2:05-CV-614-T[WO]

SCOTT A. MIDDLEBROOKS,                :

     Respondent.                     :

_____  :

## PETITIONER'S OBJECTIONS TO THE MAGISTRATE'S REPORT

COMES NOW, the petitioner, Rene Medina (here-in-after "petitioner"), pro se, and respectfully files these Objections to the Magistrate's Report.

I.   PETITIONER'S HABEAS CORPUS DOES NOT CHALLENGE THE WAY IN WHICH HIS SENTENCE WAS IMPOSED RATHER, HE CHALLENGES THE CONSTITUTIONALLITY OF SUCH SENTENCE WHICH AS PER THE SUPREME COURT'S OPINION IN APPRENDI, infra, BLAKELY, infra, BOOKER, infra, VIOLATE PETITIONER'S SIXTH AMENDMENT RIGHT TO JURY TRIAL AND THE DUE PROCESS RIGHT TO BE FOUND GUILTY ONLY BEYOND A REASONABLE DOUBT OR BY THE DEFENDANT'S OWN ADMISSIONS (i.e. SIMILARLY, PETITIONER'S CONVICTION IS ALSO UNCONSTITUTIONAL)

As set forth on page three (3) ¶2 of the Magistrate's Report the petitioner was "resentenced" on January 7, 2004, to "292" months' imprisonment. Clearly, the resentence in this case

surpasses the maximum statutory punishment by "52" months.  That is, even under this Circuit's misinterpretation of Apprendi v. New Jersey, infra, in Blakely v. Washington, and United States v. Booker, infra.  [1/]    As also acknowledged by the Magistrate on page two (2), ¶3, under Apprendi, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.

The Magistrate's Report (here-in-after "Report") erroneously interprets petitioner's §2241 habeas corpus as an attempt in which petitioner attempts to circumvent the one year gate keeping provisions of the AEDPA.  Such opinion is contrary to law in light that, 1) it was not until January of 2005 that the Supreme Court ruled that Blakely, supra, was applicable to the United States Sentencing guideline.  See Booker, infra.  Prior to January of 2005, the Eleventh Circuit Court of Appeals had clearly ruled that Blakley was not applicable to "federal cases" (i.e. not even cases on direct review).  Therefore, petitioner could not have filed a §2255 invoking Blakley as grounds for relief,  2)  this  case involves jurisdictional claims which are not cognizable on §2255 motions rather, they cognizable under the "Great Writ" §2241

---

[1/]  Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000); Blakely v. Washington, 124 S.Ct. 2531 (2004); United States v. Booker, 543 U.S._____, 125 S.Ct. 738 (2005).

because, as per this very same Circuit's rulings holding that "Jurisdictional claims may not be procedurally defaulted". Harris v. United States, 149 F.3d 1304 (11th Cir. 1998); Fitzgerald v. Seaboard SYS P.R. INC., 760 F.2d 124 (11th Cir. 1985). In Fitzgerald the Court went on to hold that "A federal Court not only has the power but also the obligatiomn at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist". (citing Philbrook v. Glodgett, 421 U.S. 507, 93 S.Ct. 222, 37 L.Ed.2d 109 (1973). Similarly, this Court has the "obligation" to entertain and rule on petitioner's jurisdictional claims as set forth in his §2241 writ of habeas corpus petition (i.e. the AEDPA one year limitation period does not confer jurisdiction to act upon an Article II Court such as this Court). Consequently, if this Court finds that petitioner's jurisdictional claims are valid then, this Court has no other choice but to grant petitioner the relief requested in his §2241 habeas corpus.

An analogous case to the instant matter is found in Harris, supra, wherein, the the government (i.e. as the Magistrate in this case) argued that according to the Supreme Court, "to obtain collateral relief based on trial errors to which no objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." citing United States v. Frady, 456 U.S. 152, 71 L.Ed.2d 816, 102 S.Ct. 1584 (1982). The government therefore, contended that Harris procedurally defaulted his

-3-

jurisdictional objection by failing to raise it at trial or on direct appeal, and consequently he needed to show cause and prejudice to collaterally attack the error. The Eleventh Circuit Court of Appeals noted in regards to said argument that, "Notably, jurisdictional defects cannot be procedurally defaulted. As federal courts we are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress." See Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 72 L.Ed.2d 492 (1982). "We, therefore, cannot derive power to act from the actions of the parties before us. See Id. at 702. Consequently, the parties are incapable of confering upon us a jurisdictional foundation we otherwise lack simply by waiver or procedural default. See United States v. Griffin, 303 U.S. 226, 82 L.Ed. 764, 58 S.Ct. 601 (1938)(Since lack of jurisdiction of a federal court touching the subject matter of the litigation cannot be waived by the parties, we must upon this appeal examine the contention.); United States v. Griffin, 303 U.S. 226, 82 L.Ed. 764, 58 S.Ct. 601 (1938)(Since lack of jurisdiction of a federal court touching the subject matter of the litigation cannot be waved by the parties, we must upon this appeal examine the contention).

-4-

Similarly, the fact that in the instant matter petitioner's sentence was not imposed under the sentencing guideline level mandated by the United States Sentencing Guidelines (U.S.S.G. 18 U.S.C. §3553(a)) for the alleged crime committed by petitioner and rather, the sentence imposed surpasses the maximum statutory punishment by four (4) years is an impermissible violation of Congressional intent when taken into consideration the fact the mandatory nature of the application of the U.S.S.G. to all criminal cases. In essence, the district court lacked jurisdiction to sentence petitioner outside the scope of 18 U.S.C. §3553(a) (U.S.G.G.). As in Harris, supra, the petitioner in the instant matter does not have to show cause and prejudice to excuse his procedural default because, this is a case where the petitioner is challenging the jurisdiction of a federal court and as such, this Court 'must upon this habeas corpus petition examine its contention". See Cf., Griffin, supra.

II.  IN THE INSTANT MATTER PETITIONER CAN MEET THE STANDARDS OF CAUSE AND PREJUDICE EXCUSING HIS PROCEDURAL DEFAULT

There exists "cause and prejudice" exceptions to the procedural default doctrine as long as the petitioner can (1) "excuse" the default by demonstrating...cause for the default and actual prejudice as a result of the alleged violation of federal law, Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also e.g. Stricker v. Green, 527 U.S. 263, 289, 296 (1999); I.d. at 256-

57; Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); or (2) show that the case falls within the category of cases that the Supreme Court has characterized as "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); Sawyer v. Whitley, 501 U.S. 333 339 (1992). The instant case fulfills the cause and prejudice standards required before a petitioner is granted relief via habeas corpus.

**Cause.** Having first imported the concept of "cause" into habeas corpus context in 1977 (Wainwright v. Sykes, 433 U.S. at 87-88 (1977)), the Supreme Court has not yet given the term 'cause' precise content" or "essay[ed] a comprehensive catalog of the circumstances that would justify a finding of cause." Smith v. Murray, 477 U.S. 527, 537-38 (1986). Accord Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Instead, the Court has stated generally that "cause" for procedural default exists if "the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." Murray v. Carrier, supra, 477 U.S. at 488. Accord Coleman v. Thomson, supra, 501 U.S. at 752-53. See also McClesky v. Zant, 499 U.S. 467, 493 (1991).

The concepts of "'objective factor'" and "'external impediment'" have broad application. Coleman, supra, at 753 (quoting Myrray, supra, at 492). In addition to situations in which these concepts obviously apply, these concepts encompass

-6-

situations in which "'the factual or legal basis for the claim
was not reasonably available to counsel'" at the time of the
procedural default (See Coleman, supra, at 753; Murray, supra,
at 488), or in which the petitioner was denied affective
assistance of counsel in violation of the Sixth Amendment (which
the Court has designated an "objective factor external to the
defense'" in that it must be imputed to the State'". Coleman,
supra, at 753-54. Accord Murray, supra, at 488). The Court's
understanding of the "'objective factor'" and "'external
impediment'" concepts is best understood with reference to the
two underlying purposes of the independent and adequate state
procedural grounds doctrine. as the Court has explained in
several occasions, the procedural default rule is designed, on
one hand, to discourage petitioners and their lawyers from
"'sandbagging'" (Murray, supra, at 490) - i.e. making 'tactical
decision[s] to forego a procedural opportunity" (see Reed v.
Ross, 468 U.S. 1, 14 (1984)) to raise a claim in the state court
in order to raise the claim later, for the first time, in federal
court. On the other hand, the doctrine is designed to assure
that state officials and the state courts actually gave the
petitioner a fair "procedural opportunity" to present his claim.
Reed, supra, at 14. When a default is attributable to some
"'objective factor'" that is "'external to the defense'" the
courts can be assured that the default was not the result of a
strategic, tactical, or "sandbagging" choice by the petitioner
or his counsel and that the opportunity afforded the petitioner

-7-

to raise the claim in the state courts was not sufficient fair. See Coleman, supra, at 753-54; Murray, supra, at 488). In the case at bar petitioner's claim could not have been previously raised because **all federal courts including this Circuit had misinterpreted the Supreme Court's ruling in Apprendi v. New Jersey, infra, and consequently, had counsel presented the arguments presented in Movant's §2241 habeas corpus such arguments would have been rule as frivolous.** In essence, the cause for petitioner's procedural default was the federal courts' misinterpretation of Apprendi, and such cause has resulted in the unconstitutional conviction and sentence of the petitioner. Apprendi v. New Jersey 530 U.S. 466, 120 S.Ct. 2348 (2000). The Supreme Court has suggested that the "objective/external factors" capable of excusing a default may include all "'extraordinary circumstances' suggesting that the party [including counsel] is faultless" in causing the default or that the party was "prevented from complying by forces beyond his control" See Pioneer Invest. Ser. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 387-88, 393-95 (1993); Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 863 & n.11 (1988); Klapport v. United States, 335 U.S. 601, 613 (1949). Certainly, judicial error cannot be held against the petitioner in the instant matter as failure to show cause.

Although, as indicated above, the Supreme Court has not yet supplied an "exhaustive catalog of...objective impediments to

compliance with procedural rule," (<u>Murray</u>, supra, at 488) the Court, or in some cases the lower courts, have concluded that numerous situations satisfy the "cause" requirement including but, not limited to:

> (1)   The legal precedent in which the petitioner primarily relies was not yet decided when the default took place. "[w]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." See Reed, supra, at 16; Coleman, supra, at 753 (showing that...legal basis for a claim was not reasonably available to counsel would constitute cause

The federal courts' misinterpretation of <u>Apprendi</u>, supra, precluded counsel from arguing petitioner's case under Apprendi with a reasonable basis upon which relief could be granted. In essence, the legal basis for petitioner's claim in the instant matter was not reasonably available to counsel or to petitioner until January of 2005, when the Supreme Court made its ruling in <u>United States v. Booker</u>, infra, wherein the Court affirmed that <u>Blakely</u>, supra, applied to the United States Sentencing Guidelines mandatory regime. United States v. Booker, 543 U.S. ___ , 125 S.Ct. 738 (2005).

> (2)   Actions of the state, state courts, or other officials hindered compliance with the procedural rule or made

compliance "impracticable.'" <u>Strickler v. Green</u>, 527
U.S. 263, 283, 289 (1999)(i.e. if the government's
withholding of evidence cures a procedural default then,
a misinterpretation of federal law by a federal court also
constitutes an impediment as great as that of withholding
evidence).

It must be noticed that petitioner could not have filed his §2255
motion arguing <u>Blakley</u> within a year after his re-sentencing
because, this Circuit initially held that <u>Blakely</u> did not apply
to the Federal Sentencing guidelines. <u>United States v. Reese</u>,
382 F.3d 1308 911th Cir. 2004). However in <u>Booker</u> , the Court
found "no distinction of constitutional significance between the
Federal Sentencing Guidelines and the Washington procedures at
issue" in <u>Blakely</u>. <u>Booker,</u> 543 U.S. at ___ , 125 S.Ct. at 749.
Resolving the constitutional question left open in Blakely, the
Court held that the mandatory nature of the federal guidelines
rendered them incompatible with the Sixth Amendment's guarantee
to jury triql. Id. at ____ , 125 S.Ct. at 749-51. Therefore,
petitioner could not raise his claim previously because of the
Eleventh Circuit's misinterpretation of the Court's intentions
in <u>Blakley</u>. Needs to be noticed that petitioner did filed his
petition within one year after the Court's ruling in Blakely and

five months after the Court's ruling in <u>Booker</u>.

Wherefore, petitioner avers that there exists no procedural default in the instant matter and even if it existed then, same would have to be excused because the instant case fulfills the exception prongs required before a procedural default is excused.

III.    THE DISTRICT COURT LACKED JURISDICTION TO CONVICT AND
        SENTENCE PETITIONER UNDER THE PRESENT INDICTMENT

The indictment in the present case as already noted in petitioner's writ of habeas corpus only alleges "a detectable amount of cocaine", it also fails to allege a specific penalty element to the unlawful act.  In the aftermath of <u>Apprendi</u>, supra, <u>Jones v. United States</u>, 526 U.S. 227 (1999) the failure to alleged the specific penalty element in the indictment produces a fatal defect in the indictment, negating the court's jurisdiction in imposing any sentence at all.  The only remedy is reindictment or an amendment to the indictment by the grand jury.

> "The indictment must contain an allegation to every
> fact which is legally essential to the punishment to
> be inflicted."

Apprendi, 120 S.Ct. at 2362.

-11-

By charging the unlawful act in the indictment, for example
21 U.S.C. §841(a)(1), without charging the penalty provision, 21
U.S.C. §841(b)(1)(A), (C), the indictment fails to give the court
the power to sentence the defendant. Indeed, the court can only
find the defendant guilty of what he is charged in the indictment,
that is the unlawful possession, importation, conspiracy, etc...of
a detectable amount of cocaine, but cannoty have sentenced the
defendant since the penalty provision, an essential element is
not present.    It is well established principle of criminal law
that "a crime is made up of two parts, forbidden conduct and
prescribed penalty. The former without the lesser is not a
crime". W. LaFave and A. Scott, Jr. Substantive Criminal Law
§1.2(b)(1986); see United States v. Evans, 333 U.S. 483, 494
(1948). Hence the failure of petitioner's indictment to charge
specific penalty provisions negates the court's jurisdictional
power to sentence the defendant to **any** penalty. In the instant
matter not only does the indictment fails to charge the specific
penalty provisions of §841 but, the indictment fails to charge
in Count two a violation of 21 U.S.C. §960 which prescribes
punishment for the inportation charges in the case at bar thereby,
forther depriving the Court of jurisdiction to convict and
sentence petitioner under Count two of the indictment.

It is an equally well established principle of substantive
criminal law that once an indictment has been returned it may not
be broadened to include new elements or amended, except by the

-12-

Grand Jury itself. <u>Stirone v. United States</u>, 361 U.S. 212, 215-16 (1960). The Eleventh Circuit has adhered to this fundamental principle in stating:

> 'A fundamental principle stemming fron the (Fifth) Amendment is that a defendant can only be convicted or a crime charged in the indictment". <u>United States v. Keller</u>, 916 F.2d 628, 633 (11th Cir. 1990).

The <u>Keller</u> court went on to say that per se reversible error occurs "   the essential elements of the offense are altered to broaden the  possible basis for conviction beyond what is contained in the indictment." Id. at 634. In <u>United States v. Gayle</u>, 967 F.2d 483 (11th Cir. 1992)(en banc), <u>cert. denied</u> 507 U.S. 97 (1993), the Eleventh Circuit stated:

> "A criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense."

<u>Id</u>. at 485 see also <u>United States v. Cancelliere</u>, 69 F.3d 1116, 1121 (11th Cir. 1995); <u>United States v. Adkinson</u>, 135 F.3d 1363 (11th Cir. 1998).

> "The failure to allege the element which establishes the very  illegallity  of  the  behavior  and  the  court's jurisdiction is fatal to the indictment."

<u>Adkinson</u>, 135 F.3d at 1375, fn 37.

-13-

The indictment in the present case being fatally defective as to the penalty provisions on all three counts deprives the court of the jurisdiction to sentence the defendant and only an amendment by the Grand Jury or reindictment can cure such flaw.

It should be noted that the Courts of Appela, including the Eleventh Circuit in Rogers and other cases has created a sua sponte remedy to this Apprendi issue by devising a sentence in the case of an indictment with, for example, a §841(a)(1) charge by amendming the indictment with its addition of a penalty clause §841(b)(1)(C), and stating that absent an amount the district court must sentence under this section and to less than the statutory maximum of (20) years. In essence, petitioner's present (24) year sentence is unconsitutional because, it exceeds the maximum sentence allowed under Rogers, supra, by (4.4) years. Please note that petitioner's position in this argument does not argue that the Court's decision in Rogers was a misinterpretation by the Court of the Supreme Court's intentions in Apprendi, as has now been clarified by Blakely, supra, and Booker, supra. However, Petitioner does not need for Blakely or Booker to be made retroactive to cases on collateral review because, Apprendi was already law at the time of petitioner's resentence. Further,     the    foregoing arguments could not have been waived by petitioner as suggested in the Magistrate's Report because, jurisdictional arguments

-14-

are not waivable. See Issue I of this Respone to the Magistrate's Report. citing Harris v. United States, 149 F.3d 1304 (11th Cir. 1998); Fitzgeral v. Seaboard SYS P.R. INC., 760 F.2d 124 (11th Cir. 1985); Philbrook v. Glodgett, 421 U.S. 507, 93 S.Ct. 222, 37 L.Ed.2d 109 (1973); United States v. Griffin, 303 U.S. 226, 82 L.Ed. 764 (1938); Insurance Corp. or Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 72 L.Ed.2d 492 (1982).

Based on the foregoing, the petitioner submits that this Court not only has the power but also the obligation to dismiss the indictment and release the defendant pending an amendment to the indictment or a new indictment, if the statute of limitations had not expired or, in the alternative to resentence petitioner to the maximum penalty under 21 U.S.C. §841(b)(1)(C) which consists of (20) years' (i.e. 240 months') imprisonment by applying the Eleventh Circuit's interpretation of Apprendi, supra, prior to the Court's clarification of its intention in Apprendi in Blakley, supra, and booker, thereby, making the retroactive application of Blakely and Booker unnecessary in the instant matter.

III.  IN THE EVENT THIS COURT UPHOLDS PETITIONER'S CONVICTION NOTWITHSTANDING HIS JURISDICTIONAL CHALLENGES TO SAME THEN, PETITIONER'S SENTENCE (i.e. RESENTENCE) SHOULD BE CALCULATED BASE ON AN OFFENSE LEVEL 12 U.S.S.G.

-15-

In the case at bar there is no argument that petitioner's criminal history category is I since he had no prior convictions at the time the initial sentence or, resentence was imposed. It is also undisputed that the indictment charged "a detectable amount of cocaine", and hence petitioner must be resentence under §841(b)(1)(C). The language of both Apprendi and Rogers is clear enough that an element of the offense, drug quantity, must be charged in the indictment. Despite this language several Eleventh Circuit cases post Rogers have found that "although the defendant's indictment failed to allege drug quantity, there is no "error" because the defendant was sentenced below the twenty-year maximum provided by §841(b)(1)(C)". However, in the instant matter petitioner's sentence surpasses the (20) year statutory maximum under §841(b)(1)(C) and as such necessitates correction. See United States v. Shepard, 235 F.3d 1295, 1297 (11th Cir. 2000) as quoted in United States v. Sanchez, 242 F.3d 1294 (11th Cir. 2001) In Sanchez the Eleventh Circuit appears to suggest that if the defendant agree to an amount at the change of plea, or the government proves an amount beyond a reasonable doubt (and not by pre Apprendi hearsay laden preponderance of the evidence standard) then the district court can make a finding of amount for sentencing purposes. In the absence of evidence beyond a reasonable doubt, as to the drug amount, the court must sentence the defendant to a guideline offense level 12, since

-16-

he has pled to a **detectable amount** of cocaine. It is of extreme importance to notice that at the change of plea the government did not present proffer that stated drug amounts, to which the defendant could agree or disagree with. In fact no proffer was presented. The facts in the present case show clearly that at the change of plea the petitioner, Medina, pled straight up to the indictment, without a plea agreement. An indictment which charged him with a **detectable amount** of cocaine. Absent any statement or agreement at the change of plea as to the quantity of cocaine involved in this matter, sentencing the defendant pursuant to an amount beyond a "detectable amount" (Level 12 U.S.S.G.), would clearly constitute a violation of petitioner's Sixth Amendment constitutional right to be found guilty "only" by the application of the **beyond a reasonable doubt standard** or for conduct admitted by the defendant, and as such the sentence imposed would be violative of the language of <u>Apprendi</u>. Petitioner, Medina, at his change of plea by pleading "straight up" to the language of the indictment could only have been and was axiomatically only informed that he was pleading to a detectable amount of cocaine. Petitioner's sentence/resentence should have been and should be imposed under Level 12 U.S.S.G., which in return used to mandate but now merely advises the court to imposed a term of imprisonment anywhere from 10-16 months' imprisonment. Therefore, in light that petitioner has been incarcerated  since the year 1992 (i.e. a period of 13 years),

a resentencing would basically give him his freedom.

IV.  PETITIONER'S  INDICTMENT  WAS/IS  UNCONSTITUTIONAL  IN
    VIOLATION OF HIS FIFTH AND SIXTH AMENDMENT RIGHTS

The failure to allege the aggravating factor (drug
quantity) in the indictment can result in a violation of the
Fifth and Sixth Amendment under two different theories.

United States Constitution Fifth Amendment:

"No person shall be held to answer for capital, or
otherwise infamous crime, unless on a presentment or
indictment of a Grand Jury..."

Under the Fifth Amendment the grand jury is required to
find probable cause as to each element of the offense charged.
Therefore, if the indictment does not allege the enhancing
factor (drug quantity), the Apprendi error derives from the
grand jury's failure to find probable cause on all enhanced
§841(b)(1)(A) or (B) offense. The grand jury's ommission of
the elements from an indictment has been regarded as
jurisdictional defect, reversible per se without proof of
prejudice. Stirone v. United States, 361 212, 2117 (1960),
United States v. Gayle, 967 F.2d 483, 485 (11th Cir. 1992)(en
banc).

United States Constitution Amendment VI:

"In all criminal prosecutions the accused shall

-18-

enjoy the right to be informed of the nature and cause
of the accusation..."

An indictment that does not include the aggravating factors
can also violate the Sixth Amendment.   According to Hamling v.
United States, 418 U.S. 87, 117 (1974), the Sixth Amendment is not
satisfied if the defendant is not fairly informed...of the charge
against which he must defend at trial.   See also United States v.
Ferm, 155 F.3d 1318, 1325-1326 911th Cir. 1998).

The indictment in the present case failed to include the drug
quantity and hence in view of the cited cases was in violation of
the Fifth and Sixth Amendments rights of the plaintiff which must
be regarded as a jurisdictional defect without the need to prove
prejudice and therefore, the indictment in the instant matter
should be dismissed.

V.    BLAKELY, supra,   and   BOOKER, supra, ARE RETROACTIVELY
      APPLICABLE TO CASES ON COLLATERAL REVIEW SUCH AS THE INSTANT
      MATTER

In   support   of   his   petition   and   in   objection   to   the
Magistrate's   Report   petitioner   hereby,   reiterate   his   entire
arguments as set forth in his §2241 wherein, petitioner submits
that   Blakely,   supra,   and   Booker,   supra,   are   retroactively
applicable to cases on collateral review.

CONCLUSION

For the foregoing reasons petitioner prays of this Honorable Court to (1) dismiss petitioner's indictment thereby, dismissing petitioner's conviction on grounds of lack of jurisdiction or, (2) in the alternative for this Court to resentence petitioner under Level 12 U.S.S.G. to 6-12 months' imprisonment or, as a final alternative to (3) resentence petitioner to 240 months' imprisonment (20 years) under 21 U.S.C. §841.

Respectfully submitted,

_____

Rene Medina, pro se petitioner.

-20-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing legal instrument was served on this 4th day of August, 2005, to: Bureau of Prisons, Scott A. Middlebrooks, Warden for the Federal Prison Camp Montgomery, Maxwell Air Force Base, Montgomery, Alabama 36112. The service was conducted via first class mail.

Rene Medina, pro se.